UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MARK A. BIELSTEIN, ET AL.        §
                                 §
v.                               §        CIVIL NO. 4:24-CV-146-SDJ
                                 §
SIGNATURE SOLAR LIMITED          §
LIABILITY COMPANY, ET AL.        §

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Opposed Motion to Modify Scheduling Order and to Extend Deadline to Respond to Defendants' Motion to Strike. (Dkt. #71). The motion has been fully briefed. (Dkt. #75) (response); (Dkt. #79) (reply); (Dkt. #80) (sur-reply). Having considered the motion, briefing by the parties, and applicable law, the Court concludes that the motion should be denied.

### I. BACKGROUND

On January 16, 2026, Defendants Signature Solar Limited Liability Company, James Showalter, and John Showalter (collectively, "Signature Solar") filed a joint motion to strike Plaintiffs Mark A. Bielstein and Rachelle R. Bielstein's (the "Bielsteins") expert witness Richard J. Meier ("Meier"). *See* (Dkt. #70 at 1). In that motion to strike, Signature Solar asserts, among other arguments, that Meier conducted no testing to support his claim that the batteries from Signature Solar's off-grid solar kit caused the fire at issue in this case. (Dkt. #70 at 2–3, 8). Twelve days later, the Bielsteins filed the present motion before the Court, wherein they indicate that they have "endeavored to have the remnants of the battery system transported to Mr. Meier's laboratory in Florida for further analysis." (Dkt. #71 ¶ 6).

1

Signature Solar has objected to any further testing on the battery system. (Dkt. #71 ¶ 8); (Dkt. #75 at 11). As a result, the Bielsteins now ask the Court to modify the existing scheduling order and permit the Bielsteins to inspect the battery system. (Dkt. #71 ¶ 9). For the scheduling deadlines, the Bielsteins specifically request the following modifications: (1) a 14-day extension of the discovery deadline, from February 25, 2026, to March 13, 2026; (2) a 34-day extension of the dispositive motion deadline, from February 25, 2026, to March 31, 2026; (3) leave for the parties to serve supplemental expert reports by March 13, 2026; and (4) leave for the parties to file supplemental or amended motions to strike expert reports on or before March 20, 2026. (Dkt. #71 ¶ 16); (Dkt. #71-3). As for the testing itself, the Bielsteins request that the Court compel Signature Solar to participate in "a joint forensic inspection and analysis of the battery." (Dkt. #71 ¶ 16).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Good cause requires the party seeking to modify the scheduling order to show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quotation omitted). Courts consider four relevant factors when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to

cure such prejudice." *Id.* (quoting *Meaux Surface Prot., Inc. v. Fogleman,* 607 F.3d 161, 167 (5th Cir. 2010)) (citation modified).

### III. DISCUSSION

The Bielsteins' present motion seeks two categories of relief. First, the Bielsteins request that the Court modify several deadlines in this case, so as to allow the parties time to test the battery system and thereafter provide supplements for their expert reports. (Dkt. #71-3). Second, the Bielsteins request that the Court order the parties to conduct joint testing of the battery system. (Dkt. #71-3). For ease of discussion, the Court will address each category in turn.

### A.  Good Cause to Modify

Addressing the first factor, the Court finds that the Bielsteins have not provided a sufficient explanation for their failure to timely comply with the scheduling order. *See Squyres,* 782 F.3d at 237. In explaining why there is good cause for their requested modifications to the scheduling order and for permitting supplemental briefing, the Bielsteins assert that the fact-discovery deadline remains open until February 25, 2026, that their expert Meier did not deem testing necessary to render his original opinions, and that they have promptly sought to conduct the battery forensic analysis. (Dkt. #71 ¶¶ 7–8, 11–12, 18). However, if the Bielsteins intended to have their expert complete forensic testing on the battery system and include the findings in his expert report, the deadline to do so was December 5, 2025. *See* (Dkt. #67) (setting deadline to disclose expert testimony under Rule 26(a)(2) for issues for which the party bears the burden of proof). The Bielsteins do not explain

why the battery testing could not have been accomplished before the scheduling order's disclosure deadline, which is particularly concerning given that Meier's expert report from 2022 stated that the batteries "should be investigated as part of a thorough forensic exam," (Dkt. #75-1 at 17).

With the disclosure deadline and date of Meier's report in mind, the Court concludes that the Bielsteins have not provided a justification for why they waited to schedule the battery testing until after the expert testimony disclosure deadline. The only reason given for requesting the testing now is that "Defendants' Motion to Strike . . . asserts that the absence of such testing renders [Meier's expert report] inadmissible," so "Plaintiffs promptly sought to conduct a targeted forensic analysis" of the batteries. (Dkt. #71 ¶ 13). Under these circumstances, it appears that the Bielsteins' delay in testing is self-imposed. As a result, without an explanation for their delay in testing the battery system, the first factor for the Rule 16(b)(4) good-cause analysis weighs against the Bielsteins.

The second factor, "the importance of the modification," also weighs against the Bielsteins. *See Squyres*, 782 F.3d at 237 (citation modified). In their motion, the Bielsteins assert that they "do not believe [the battery testing] is necessary," instead stating that the additional time for testing is being requested "to ensure the Court's Rule 702 analysis is informed by the fullest available record." (Dkt. #71 ¶¶ 13–14). The Bielsteins make these assertions even though they acknowledge that Signature Solar, in its motion to strike, "asserts that the absence of such testing renders [Meier's expert] opinions inadmissible." (Dkt. #71 ¶ 13); *see also* (Dkt. #75 at 12). Hence,

4

because the Bielsteins assert that the requested modifications to the scheduling order to allow additional testing are not necessary, the second factor for the good cause analysis weighs against the Bielsteins.

As for the question of whether there will be potential prejudice to the nonmovant if the modifications are permitted, this third factor weighs against the Bielsteins as well. *See Squyres*, 782 F.3d at 237. The Bielsteins claim that Signature Solar will suffer no prejudice if the Court permits the requested modifications and supplemental briefing. (Dkt. #71 ¶ 20–21). In response, Signature Solar asserts that allowing the modifications will cause it to incur additional expenses and will harm its developed litigation strategy. (Dkt. #75 at 9). Alongside these general assertions, Signature Solar's specific concern is that the "late-stage expert evidence" from the battery testing may necessitate "additional expert analysis, supplemental opinions, [and] renewed motion practice" to address the test results. (Dkt. #75 at 10).

Inherently, any modification to a scheduling order deadline has the potential to cause a nonmovant to incur additional expenses and alter its litigation strategy. Therefore, general assertions of additional expense or potential changes in strategy may not be enough to show potential prejudice to the nonmovant. In this case, however, Signature Solar's specific concerns of potential prejudice are well taken. If the additional testing is permitted, Signature Solar may need to conduct additional expert analysis and thereafter supplement its own expert opinions, while also having to amend its motion to strike Meier's expert report once the battery system testing is completed. *See* (Dkt. #75 at 10). This potential, additional burden on Signature Solar

5

is sufficient to find that Signature Solar may be prejudiced by the Bielsteins' requested relief. For this reason, the third good cause factor weighs slightly against the Bielsteins.

Having established that Signature Solar will be prejudiced by the Bielsteins' requests, the Court turns to the final good-cause factor: "the availability of a continuance to cure such prejudice." *Squyres*, 782 F.3d at 237. The Bielsteins do not directly address a continuance in their motion because they assert that Signature Solar will not be prejudiced by the requested modifications. *See* (Dkt. #71, #79). Nevertheless, the Court finds that a continuance, if requested, would alleviate some of Signature Solar's concerns of potential prejudice because deadline extensions would give Signature Solar additional time to modify its litigation strategy and address the results of the battery forensic analysis. *See, e.g.*, *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 573 (5th Cir. 1996) (noting that a continuance would give the nonmovant more time to review late disclosures). Therefore, because a continuance would cure some potential prejudice against Signature Solar, the Court concludes that the fourth and final factor weighs neutrally for the Bielsteins.

*    *    *

After reviewing the Rule 16(b)(4) good-cause factors, the Court concludes that the Bielsteins have not sufficiently alleged good cause to warrant granting their proposed modifications to the scheduling order and requests for leave for

6

supplemental briefing. Accordingly, the Bielsteins' requests for scheduling modifications and for leave are denied.

## B. Request to Compel Additional Testing

The Bielsteins' second request for relief asks that the Court order "a joint forensic inspection and analysis of the battery by the parties' experts[.]" (Dkt. #71 ¶ 16). As explained by the Bielsteins, they "offered Defendants a full opportunity to inspect the battery and observe the testing"—"a targeted forensic analysis"—but "Defendants declined." (Dkt. #71 ¶¶ 13, 18); *see also* (Dkt. #75 at 9–10) (opposing the testing). Therefore, the Bielsteins now request a motion to compel testing.

As an initial matter, the exact manner of testing is not described by the Bielsteins, nor does Meier provide clarity in his expert report, only noting that the batteries "should be investigated as part of a thorough forensic exam," (Dkt. #75-1 at 17) (Meier's preliminary report). Nevertheless, Signature Solar asserts that the requested testing "is inherently semi-destructive," (Dkt. #75 at 9), while the Bielsteins' counsel, in correspondence with Signature Solar's counsel, indicated that "the analysis may be semi-destructive." (Dkt. #71-1 at 5). Thus, for purposes of this present motion to compel, the Court will assume that the requested testing is destructive. *See generally RevoLaze LLC v. J.C. Penney Corp.*, No. 2:19-CV-43-JRG, 2020 WL 1984322, at *2 (E.D. Tex. Apr. 27, 2020) ("destructive testing" is "testing that destroys or irreversibly alters evidence").

Generally, "if the parties differ as to whether an inspection or test is appropriate, the court must balance the respective interests by weighing the degree

7

to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection." *Id.* at *1 (citation modified). For destructive testing, "[c]ourts approach [such] testing of evidence with greater caution than other discovery requests, requiring the movant to show that the destructive testing is necessary or integral to the case." *Anaya v. Tricam Indus., Inc.*, No. 5:18-CV-1045, 2019 WL 5850554, at *2 (W.D. Tex. Sept. 19, 2019). In determining whether destructive testing is warranted, district courts, including courts in the Eastern District of Texas, have applied a four-factor test. *RevoLaze LLC*, 2020 WL 1984322, at *1.[1] The factors are: "(1) whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case; (2) whether the non-movant's ability to present evidence at trial will be hindered or prejudiced; (3) whether there are any less prejudicial alternatives to obtaining the evidence sought; and (4) whether there are adequate safeguards to minimize prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial." *Id.* (citing *Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. 611, 614 (D. Md. 2006)); *see also Ramos v. Carter Exp. Inc.*, 292 F.R.D. 406, 408–10 (S.D. Tex. 2013) (collecting cases on destructive testing). The decision on whether to permit such testing "rests within the sound discretion of the court." *RevoLaze LLC*, 2020 WL 1984322, at *1 (citing *Ostrander by Ostrander v. Cone Mills, Inc.*, 119 F.R.D. 417, 419 (D. Minn. 1988)).

---

[1] *But see Krekstein v. McDonald's Corp.*, 341 F.R.D. 575, 578 (E.D. Penn. 2022) ("Where the testing at issue would not result in a situation where an object would be wholly consumed or destroyed, some courts have elected to balance the parties' competing interests rather than apply the four-factor test" (citation modified)).

On review, the Court finds that the Bielsteins have not explained why destructive testing should be compelled in this instance. *See* (Dkt. #71). The Bielsteins assert—as stated before—that "Plaintiffs do not believe [the testing] is necessary," (Dkt. #71 ¶ 13). And, the Bielsteins only generally state that Signature Solar will not be prejudiced by the relief requested. *See* (Dkt. #71 ¶¶ 20–21). In response, Signature Solar asserts that it will be prejudiced because the requested testing involves, and will permanently alter, critical evidence in the case. (Dkt. #75 at 9–10). After considering the parties' arguments, the Court concludes that the Bielsteins' reasons for destructive testing are insufficient. The Bielsteins provide no rationale for why the testing is integral to or necessary for the case, nor do they address whether there are adequate safeguards or less prejudicial alternatives to the requested forensic testing. Accordingly, destructive testing of the batteries is not warranted at this time. The Court will deny the request.

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Opposed Motion to Modify Scheduling Order and to Extend Deadline to Respond to Defendants' Motion to Strike, (Dkt. #71), is **DENIED**.

**So ORDERED and SIGNED this 4th day of March, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

9